**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JOHN JOSEPH NOSSE,**

**Movant,**

**v.**                                                    **Case No. 3:16-cv-00956**
                                                         **Case No. 3:03-cr-00098**

**UNITED STATES OF AMERICA,**

**Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Movant, John Joseph Nosse's (hereinafter "Defendant") *pro se* Letter-Form Motion to Reduce Sentence (ECF No. 48) and his Emergency Motion to Vacate, Set Aside or Correct Sentence (ECF No. 51), which was filed by counsel.   This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On June 16, 2003, Defendant pled guilty, pursuant to an Information filed in this United States District Court, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years (or 120 months) in prison.   (ECF No. 23).   However, the Information further charged that Defendant had three prior felony convictions: two convictions for aggravated burglary, in violation of Ohio Rev. Code Ann. § 2911.11(A)(3) and one conviction for burglary, in

violation of Ohio Rev. Code Ann. § 2911.12(A)(1).    (ECF No. 12).    All three convictions occurred in 1991.[1]

At sentencing, which occurred on August 25, 2003, this Court found, based upon the 1991 convictions, that Defendant had committed three prior felony offenses categorized as "violent felonies" under 18 U.S.C. § 924(e)(2)(B) (the "Armed Career Criminal Act" or "ACCA").[2]    (ECF No. 32 at 4).    While the District Court did not specify under which clause of secti0n 924(e)(2)(B) each of the prior convictions qualified as "violent felonies," under the law at the time of sentencing, the parties did not dispute that Defendant qualified for an enhanced sentence under the ACCA.

Because Defendant was classified as an armed career criminal, he was subject to a mandatory minimum sentence of fifteen years (or 180 months) of imprisonment, pursuant to 18 U.S.C. § 924(e)(1) on his felon in possession conviction.    Such enhancement increased his applicable Sentencing Guideline range to 188-235 months.

---

1   Additionally, according to Defendant's motion, his Presentence Investigation Report included two other Ohio burglary convictions from 1985 and 1987.    (ECF No. 51 at 2).

2   The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.    18 U.S.C. §§ 922(g)(1) and 924(e)(1).    The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (Emphasis added).    Subsection (i) is known as the "force" or "elements" clause (hereinafter "the force clause"). The first part of subsection (ii) is known as the "enumerated offenses clause" and the emphasized portion of subsection (ii) is known as the "residual clause."

Defendant was sentenced to serve 210 months in prison, followed by a five-year term of supervised release.   (Judgment, ECF No. 26).   His sentence was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit.   *United States v. Nosse*, 91 F. App'x 310 (4th Cir. 2004).   Until the filing of the present motion, Defendant had not sought collateral relief concerning his conviction and sentence.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. Therefore, a prior conviction can now only qualify as a "violent felony" under the ACCA if it is one of the enumerated offenses (burglary, arson, extortion, or use of explosives) or if it falls within the force clause (which requires the crime to have "an element the use, attempted use, or threatened use of physical force against the person of another").

On September 24, 2015, Defendant filed a Letter-Form Motion to Reduce Sentence (ECF No. 48) seeking relief under *Johnson*.   That motion is still pending.   On November 12, 2015, the Federal Public Defender was appointed to represent Defendant for the purpose of determining whether he qualifies for federal habeas relief in light of *Johnson*. (ECF No. 50).   On January 27, 2016, Defendant, by counsel, filed the instant Emergency Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 addressing his *Johnson* claim (hereinafter "Defendant's section 2255 motion").   (ECF No. 51).

Defendant's section 2255 motion asserts that his 1991 Ohio burglary conviction no longer constitutes a "violent felony" under the ACCA because it no longer qualifies as such under the now-stricken residual clause and does not meet the criteria under either the force or enumerated offense clauses.   Consequently, the motion further asserts that

3

Defendant's sentence exceeds the statutory maximum and violates due process, and should be corrected through his section 2255 motion, which he asserts was timely filed under 28 U.S.C. § 2255(f)(3).   (*Id.* at 5-10).   Defendant requests that the court vacate his sentence and re-sentence him to time served in prison and reduce his term of supervised release from five years to three years.   (*Id.* at 10).

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA and, therefore, is a new substantive rule that applies retroactively to cases on collateral review.

On May 10, 2016, the United States (hereinafter "the government") filed a Response to Defendant's section 2255 motion.   (ECF No. 57).   The government's Response asserts that it is unclear from the record whether the District Court invoked the residual clause in making the determination that Defendant's burglary conviction constituted a violent felony, and further asserts that Ohio burglary can be considered a violent felony under the enumerated offense clause by applying the "modified categorical approach."   (*Id.* at 3-4).

The government contends that both *United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011) and *United States v. Dowlen*, 616 F. App'x 209 (6th Cir. 2015), upon which Defendant relies, found that Ohio burglary was a violent felony under the residual clause, and that, although *Coleman* found that the Ohio burglary statute swept more broadly than the generic burglary definition in *Taylor* under the categorical approach, that court failed to address whether Ohio burglary qualified as a "violent felony" using the modified categorical approach.   (ECF No. 57 at 3-4).   The government further asserts that

4

Defendant's Ohio burglary conviction meets the generic definition of burglary based upon the modified categorical approach.   As noted in the government's brief:

> The Supreme Court defined generic burglary as "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a *building or structure*, with intent to commit a crime."   *Taylor*, 495 U.S. at 599 (emphasis added).

> Ohio Rev. Code Ann. § 2911.12(A)(1), in force at the time petitioner committed the underlying offense read as follows:

>> Sec. 2911.12 (A) No person, by force, stealth, or deception, shall do any of the following:

>> (1)   Trespass in an occupied structure or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense or any felony;

> The Ohio Revised Code defined occupied structure as follows:

>> Sec. 2909.01.   As used in sections 2909.01 to 2909.07 of the Revised Code, an "occupied structure" is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

>> (A)   Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

>> (B)   Which at the time, is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

>> (C)   Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

>> (D)   In which at the time any person is present or likely to be present.

(ECF No. 57 at 4-5).

5

Relying on the Fourth Circuit's decision in *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), the government contends that the statute's inclusion of, not only buildings or structures, but also vehicles, boats or planes, renders such to be alternative elements of several different crimes, not alternative means of committing the same crime.  (*Id.* at 5).  Thus, the government's brief contends that it is appropriate to use the modified categorical approach to determine the elements of Defendant's burglary offense.  (*Id.*)  The government's brief further states:

> In the present case, it is clear from reviewing the charging document, attached as Exhibit A [footnote omitted], that petitioner's prior burglary conviction is a crime of violence.   The charging document establishes that the burglary conviction is for breaking and entering of an occupied structure, that is a building, or structure, located at 1432 Carson Road, and is the permanent or temporary habitation of an identified victim.   The address of the structure eliminates possibility of the burglary being of a watercraft, aircraft, railroad car, truck, trailer, tent, vehicle or shelter.   This meets the generic definition of burglary outlined in *Taylor* of having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

(*Id.* at 6-7).

On May 31, 2016, Defendant, by counsel, filed a Reply (ECF No. 60), arguing that the modified categorical approach is not appropriate in this matter because the Ohio burglary statute is not "divisible;" that is, it does not list alternative potential offense elements, but rather lists only different factual means of satisfying an element necessary to commit the crime.  *See Descamps v. United States*, 133 S. Ct. 2276 (2013) (The modified categorical approach is limited to situations where "the statute is divisible – *i.e.*, comprises multiple, alternative versions of the crime."); *see also United States v. Carbrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) ("where the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified

categorical approach has no role to play.")   (ECF No. 60 at 3-5).   Defendant further asserts that his aggravated burglary convictions that served as other predicates for his ACCA enhancement are, likewise, not "violent felonies" because the aggravated burglary statute, Ohio Rev. Code § 2911.11 also governs "occupied structures" and points to the same definition in section 2909.01(C) containing multiple means for committing the crime.   (*Id.* at 2).   Thus, Defendant reiterates that he no longer qualifies for an ACCA sentencing enhancement.   (*Id.*)

On July 6, 2016, Defendant, by counsel, filed a Notice of Additional Authority (ECF No. 61) addressing the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).   *Mathis* involved a defendant sentenced under the ACCA based, in part, on a prior Iowa burglary conviction.   Defendant contends that the Iowa burglary statute is similar to the Ohio statute in that it applies to a single location – a "building or other structure," which is defined elsewhere as including "any building, structure [or] land, water, or air vehicle."   *Id.* at *5.   The Iowa Supreme Court had previously held that "[e]ach of the terms serves as an 'alternative method of committing [the] single crime' of burglary, so that a jury need not agree on which of the locations was actually involved."   *Id.*   Thus, the United States Supreme Court ultimately found that "each alternative is only a possible means of commission, not an element."   *Id.*   Therefore, the Iowa statute was not divisible and the modified categorical approach was inapplicable to determine whether the offense qualified as a generic burglary.

## **DISCUSSION**

Ohio's burglary statute can no longer satisfy the ACCA under the now-void residual clause, and it was previously determined to be broader than the generic burglary definition found in *Taylor*, 495 U.S. at 599.   *See United States v. Lane,* 909 F.2d 895, 902 (6th Cir. 1990); *Coleman, supra*, 655 F.3d at 482.   The text of the Ohio burglary statute is similar to that of the Iowa statute addressed in *Mathis* and the West Virginia statute addressed in *United States v. White*, 836 F.3d 437 (4th 2016), to the extent that all of these statutes identify a broad range of places that can qualify as an "occupied structure," which amount to alternative means of committing an element of one crime, not alternative elements of what amounts to separate crimes.   Accordingly, the government's argument that the court may use the modified categorical approach to determine whether Defendant's crime satisfies the generic definition appears to be foreclosed by *Mathis* and cases with similar holdings.

Thus, the undersigned proposes that the presiding District Judge **FIND** that the Ohio burglary statute is not divisible, as it identifies various factual means of how a crime may be convicted, but not alternative crimes, and, therefore, the modified categorical approach is not warranted in this case.   Furthermore, analyzed strictly under the categorical approach, the undersigned proposes that the presiding District Judge **FIND** that Ohio burglary is broader than the generic definition of burglary under the ACCA's enumerated offense clause and, therefore, Defendant's burglary offense does not qualify as a violent felony thereunder; nor does it qualify under the ACCA's force clause.

Accordingly, upon review of the record in light of *Johnson* and *Welch*, the undersigned proposes that the presiding District Judge **FIND** that Defendant does not

8

meet the criteria to be an armed career criminal.[3]   As a result, Defendant's current sentence is "in excess of the maximum authorized by law" and "was imposed in violation of the Constitution or laws of the United States."   Therefore, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under 28 U.S.C. § 2255.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Emergency Motion to Vacate, Set Aside or Correct Sentence (ECF No. 51), **DENY AS MOOT** Defendant's Letter-Form Motion to Reduce Sentence (ECF No. 49), vacate Defendant's sentence, and set his judgment aside. In accordance with 28 U.S.C. § 2255(b), the District Court may then discharge Defendant, resentence him, or correct his sentence as may appear appropriate.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific

---

3   In light of the fact that Defendant's burglary conviction does not qualify as an ACCA predicate offense, the undersigned finds it unnecessary to address the status of his two aggravated burglary convictions because he no longer has three qualifying predicate offenses.

written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

March 9, 2018

Dwane L. Tinsley
United States Magistrate Judge